UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:24-cv-00233

| | |
|---|---|
| JUSTIN DRAKE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) ) |
| COMMSCOPE TECHNOLOGIES, LLC, | ) ) |
| Defendant. | ) ) ) |

CLASS ACTION COMPLAINT

Plaintiff, Justin Drake ("Drake"), by and through counsel, on behalf of himself and all others similarly situated, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant CommScope Technologies, LLC ("CommScope" or "Defendant") for breach of contract under North Carolina law.

## NATURE OF PLAINTIFF'S CLAIMS

1. Drake brings his breach of contract claim pursuant to the class action provision of Federal Rule of Civil Procedure 23 and seeks to recover unpaid commissions for himself and any similarly situated employees ("Class Members") to remedy CommScope's practice and policy of willfully failing and refusing to pay Drake and the Class Members all their earned and accrued commissions under the CommScope "Sales Incentive Plan" and the CommScope "Global Sales Incentive Compensation Policy."

## THE PARTIES

2. Drake is an adult individual who is a resident of Elkhorn, Nebraska.

3. CommScope is a Delaware limited liability company with its principal place of business located in Claremont, North Carolina.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because (i) Drake and CommScope are citizens of different states and (ii) the aggregate damages sought on behalf of Drake and the putative class exceeds $5 million pursuant to the Class Action Fairness Act of 2005, as amended 28 U.S.C. § 1332.

5. This Court has personal jurisdiction because CommScope's headquarters is in this judicial district, and CommScope is alleged to have committed the unlawful acts in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S FACTUAL ALLEGATIONS

7. CommScope designs, manufactures, installs, and supports broadband, enterprise, and wireless network solutions throughout the United States and globally.

8. CommScope employed Drake in its Cable and Connectivity Solutions Group ("CCS Group") in the position of "Commercial Lead." Drake was employed by CommScope from July 2014 through July 19, 2024.

9. The Class Members are or were employed by CommScope in CCS Group roles and, like Drake, were eligible to earn commissions under the CommScope "Sales Incentive Plan" and the CommScope "Global Sales Incentive Compensation Policy."[1]

---

[1] CommScope treats the "Sales Incentive Plan" and the "Global Sales Incentive Compensation Policy" as confidential proprietary information. Plaintiff will submit these documents to the Court at a future date pursuant to an appropriate protective order.

10. Drake and the Class Members are parties to valid and enforceable wage contracts with CommScope that govern the payment of commissions.

11. Drake and the Class Members were paid a base salary, plus quarterly commissions that were determined by the amount of revenue generated by the CCS Group.

12. The CCS Group earns commissions by meeting or exceeding certain revenue targets established by CommScope for each of the CCS Group's assigned customer accounts.

13. CommScope is unable to accurately credit all revenue generated by the CCS Group because the raw revenue sales data cannot accurately be matched to the corresponding CCS Group customer account.

14. CommScope's raw revenue sales data is inaccurate and unreliable because CommScope incorrectly assumes the correct customer account information is clearly labeled in the revenue reports, which is compromised of millions of line-item sales each quarter. However, the raw revenue sales data is regularly mislabeled and does not reflect the correct customer account.

15. CommScope is aware that its revenue reporting system is flawed but has not remedied the problem.

16. CommScope's revenue tracking and reporting systems do not accurately identify, track, and record all revenue generated by Drake and the Class Members. As a result, CommScope fails to include a significant amount of revenue generated by the CCS Group when calculating the commissions owed to Drake and the Class Members.

17. During the relevant period, CommScope failed to credit all revenue generated by the CCS Group, thus resulting in the failure to pay all earned commissions.

## CLASS ACTION ALLEGATIONS

18. Drake brings his breach of contract claim pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following class ("Class Members"):

> **All current and former CommScope Cable and Connectivity Solutions Group employees who were employed during the period October 28, 2021 through present and were eligible to earn commissions pursuant to the CommScope "Sales Incentive Plan" and the CommScope "Global Sales Incentive Compensation Policy."**

19. This breach of contract action is maintainable as a class action pursuant to Rule 23 for failure to pay Drake and the Class Members all promised and earned commissions.

20. The proposed class is easily ascertainable. The number and identity of Class Members are determinable from CommScope's payroll records or records over which it has control.

21. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of Class Members is unknown to Drake at this time, upon information and belief, the class is comprised of more than 150 persons.

22. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Drake and all Class Members have been harmed by CommScope's failure to pay all earned commissions established by CommScope's compensation policies. The common questions of law and fact include, but are not limited to the following:

(a) whether CommScope failed to pay accurately identify, track, and credit all revenue generated by Drake and members of the proposed class for purposes of calculating commissions earned by Drake and members of the proposed class;

(b) whether CommScope failed to pay all commissions earned by Drake and members of the proposed class; and

(c) whether CommScope's failure to pay all earned commissions to Drake and members of the proposed class constitutes a breach of the contract under North Carolina law.

23. The damages suffered by Drake and the members of the proposed class arise from the same nucleus of operative facts.

24. The claims asserted by Drake are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All Class Members were subject to the same compensation practices of CommScope, i.e., failing to pay all promised and earned commissions. The compensation policies and practices of CommScope affected all Class Members similarly, and CommScope benefitted from the same type of unfair and/or wrongful acts as to each Class Member. Drake and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

25. Drake can fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Drake and members of the proposed class. Drake has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

26. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.

27. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action.

28. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for CommScope and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**(Breach of Contract – Class Action)**

30. Drake realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. Drake's breach of contract claim arises from CommScope's policy and practice of failing to accurately track, identify, and credit all revenue generated by Drake and the Class Members, thus resulting in the failure to pay all earned commissions pursuant to the CommScope "Sales Incentive Plan" and the CommScope "Global Sales Incentive Compensation Policy."

32. CommScope breached its contract with Drake and the Class Members by failing to pay them all promised and earned commissions.

33. CommScope's breach of contract caused harm to Drake and the Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Drake demands the Court:

a) An Order certifying Drake's breach of contract claim as a class action under Rule 23 of the Federal Rules of Civil Procedure and designating Drake as representative on behalf of all similarly situated Class Members;

b) An Order finding CommScope breached its contract with Drake and the Class Members by failing to pay all earned commissions and finding CommScope liable for unpaid commissions due to Drake and the Class Members;

c) An Order awarding the costs of this action;

d) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

e) An Order granting such other and further relief as may be necessary and appropriate.

Dated: October 16, 2023.

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail:	phil@gibbonslg.com
	corey@gibbonslg.com

*Attorneys for Plaintiff*